IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY VICTOR DUBIN, | CIVIL NO. 21-00392 JAO-KJM |
| Plaintiff, | |
| | ORDER DISMISSING ACTION |
| vs. | |
| THE OFFICE OF DISCIPLINARY COUNSEL OF THE HAWAII SUPREME COURT, et al., | |
| Defendants. | |

**ORDER DISMISSING ACTION**

On September 20, 2021, Plaintiff Gary Victor Dubin ("Plaintiff") filed a

Verified Complaint to Directly Set Aside the Hawaii State Supreme Court's Order

Disbarring Plaintiff in Violation of the Due Process Fair Hearing Guaranty of the

Fifth and Fourteenth Amendments to the United States Constitution Resulting from

the Defendants Having Committed Extrinsic Fraud in Its Procurement, and for

Actual and Punitive Civil Rights Damages against the Individual Defendants

Involved ("Complaint").  For the following reasons, the Court sua sponte

DISMISSES this case for lack of subject matter jurisdiction.

"Courts have an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559

U.S. 77, 94 (2010) (citation omitted); *see Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (noting the court's obligation to consider sua sponte whether it has subject matter jurisdiction).  Federal courts are presumed to lack subject matter jurisdiction, and Plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

When a dismissal is for lack of subject matter jurisdiction, a party is not "entitled to notice and an opportunity to respond." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted).  The power to dismiss under these circumstances is not unlimited but briefing or a hearing is neither required nor would it be beneficial here because Plaintiff already preemptively addressed the basis for dismissal (the *Rooker-Feldman* doctrine) in the Complaint.  *See id.* (concluding that the sua sponte dismissal did not surprise or unfairly prejudice the defendant, as the parties had previously briefed subject matter jurisdiction and "additional briefing would have been duplicative and unnecessary"); *see also* Local Rule 7.1(c) ("Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing.").

## BACKGROUND

On September 9, 2020, the Hawaiʻi Supreme Court issued an Order of Disbarment ("Disbarment Order"), finding and concluding that Plaintiff engaged in misconduct in three Office of Disciplinary Counsel of the Hawaiʻi Supreme Court ("ODC") cases by clear and convincing evidence.  Civil No. 20-00419 JAO-KJM, ECF No. 61-5.[1]  Since then, Plaintiff has continuously engaged in state and federal court litigation to stay, undo, and/or set aside the Disbarment Order.  *See generally* Civil No. 20-00419 JAO-KJM; Civil No. 21-00175 JAO-KJM.  Throughout the course of his various proceedings, Plaintiff has accused Defendants Bradley R. Tamm ("Tamm") and Clifford Nakea ("Nakea") and others of misconduct that ultimately caused his disbarment.  Tamm is ODC's Chief Disciplinary Counsel and

---

[1]  The Court takes judicial notice of filings from federal and state court proceedings.  Under Federal Rule of Evidence 201, a court may take judicial notice of facts "not subject to reasonable dispute" that either "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)–(c)(1).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citations omitted); *see Bykov v. Rosen*, 703 F. App'x 484, 487 (9th Cir. 2017) (holding that the district court did not abuse its discretion by taking judicial notice of state court proceedings).

Nakea is the Chair of the Disciplinary Board of the Hawaiʻi Supreme Court ("Disciplinary Board").

On September 30, 2021, Plaintiff was disbarred from practicing in this district.  *See In re Dubin*, Civil No. 20-00419 JAO-KJM, 2021 WL 4496948, at *1 (D. Haw. Sept. 30, 2021).  His civil action challenging Hawaii's disciplinary system and process and his disciplinary proceedings was dismissed.  *See Dubin v. Sup. Ct. of Haw.*, Civil No. 21-00175 JAO-KJM, 2021 WL 4496946, at *1 (D. Haw. Sept. 30, 2021).

## DISCUSSION

In this action, Plaintiff yet again challenges his disbarment and expressly asks the Court to set aside the Disbarment Order.  He has already challenged his disbarment in *In re Dubin*, Civil No. 20-00419 JAO-KJM, and *Dubin v. Supreme Court of Hawaii*, Civil No. 21-00175 JAO-KJM.  This case is founded upon Plaintiff's *theory* — expressed many times before — that Tamm and Nakea engaged in ex parte communications with the Hawaiʻi Supreme Court regarding client complaints during the pendency of Plaintiff's disciplinary proceedings, which the Hawaiʻi Supreme Court then relied upon to disbar him.  ECF No. 1 (Compl.) ¶¶ 18–20.

By Plaintiff's admission, "[t]his lawsuit directly seeks to set aside [his] disbarment" because Tamm and Nakea procured his disbarment through extrinsic

fraud. *Id.* ¶ 14.  Plaintiff asserts two claims:  (1) his disbarment should be set aside due to extrinsic fraud, "in defense of the Fifth and Fourteenth Amendments" (Count One), and (2) he should be awarded actual and punitive fraud damages (Count Two). *Id.* ¶¶ 27–33.  Although Count Two is labeled as a standalone claim for damages, it alleges that Tamm engaged in ex parte communications with Nakea, the Hawai'i Supreme Court, and others, while encouraging individuals to file grievances against Plaintiff under the false pretense that the individuals would be reimbursed. *Id.* ¶ 30.  Count Two also claims that Nakea hid a conflict of interest of a Disciplinary Board member from Plaintiff and the Disciplinary Board, and that the member participated in disciplinary deliberations. *Id.* ¶ 31.  Plaintiff's claims implicate the *Rooker-Feldman* doctrine.

"The *Rooker–Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008) (citations omitted).  "Under *Rooker–Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justs. of the Sup. Ct.*, 410 F.3d 602, 606 (9th Cir. 2005) (citations omitted).  District courts are barred from not only direct appeals of state court decisions, "but also over the 'de

facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (citation omitted).  Courts "pay close attention to the *relief* sought by the federal-court plaintiff" in determining whether an action is a de facto appeal.  *Id.* at 777–78 (internal quotation marks and citation omitted).  A de facto appeal is found "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  *Id.* at 778 (internal quotation marks and citations omitted); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (explaining that a plaintiff's claims must arise from the state court judgment, not merely "when a party fails to obtain relief in state court" (citation omitted)); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (explaining that *Rooker-Feldman* precludes adjudication of claims when the redress sought by the plaintiff is an "undoing" of the prior state court judgment).

Plaintiff's allegations regarding Tamm's and Nakea's purported misconduct, and their corresponding influence on the decision to disbar him, fall squarely within *Rooker-Feldman*.  Where, as here, Plaintiff complains that Tamm and Nakea committed legal wrongs during the state disciplinary proceedings and he asks to set aside the Disbarment Order,[2] the case is a de facto appeal of the

---

[2]  Disciplinary matters are presented to the Hawai'i Supreme Court when the Disciplinary Board determines that discipline greater than an informal admonition

(continued . . .)

6

Disbarment Order.  These allegations arise out of Plaintiff's state disciplinary

proceedings and are premised on purported infirmities that contributed to his

disbarment.[3]  That is, they "constitute a particularized challenge to [Hawaii's]

disciplinary proceedings' results." *Mothershed*, 410 F.3d at 608; *see id.* at 605–08

(affirming the district court's determination that the plaintiff's claims — raised

under 42 U.S.C. § 1983 for due process and other constitutional violations, as well

as state law tort claims —  relating to procedural shortcomings in his Arizona and

Oklahoma disciplinary proceedings, were barred by *Rooker-Feldman*).  This is true

even as to monetary damages because an award of any damages would require a

finding that there was error with the  disciplinary process and/or Disbarment Order.

*See Cooper*, 704 F.3d at 782 ("Cooper's prayer for relief in the form of monetary

and punitive damages, although distinct from his prayer for a declaratory judgment

that he is entitled to DNA testing, is contingent upon a finding that the state court

decision was in error."); *Henrichs*, 474 F.3d at 616.

---

(. . . continued)
or reprimand is warranted and it submits "a report containing its findings and
recommendations, together with the entire record."  *See* Rules of the Supreme
Court of Hawaiʻi ("RSCH") Rule 2.7(d).  This is preceded by multi-step processes
conducted by ODC and the Disciplinary Board.  *See* RSCH Rule 2.7(a), (c).

[3]  Plaintiff has asserted these allegations before the Disciplinary Board, the Hawaiʻi
Supreme Court, and this Court in Civil No. 20-00419 JAO-KJM and Civil No. 21-
00175 JAO-KJM.

Plaintiff fares no better characterizing the misconduct as extrinsic fraud. In an effort to avoid *Rooker-Feldman*'s bar, Plaintiff alleges that Tamm's and Nakea's purported ex parte communications "constitute extrinsic fraud as a matter of law" and that "state court judgments obtained by extrinsic fraud may be set aside on constitutional grounds notwithstanding the <u>Rooker-Feldman</u> Doctrine, rendered thereby inapplicable." Compl. ¶ 27 (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004)). Indeed, extrinsic fraud — defined as "'conduct which prevents a party from presenting his claim in court'" — on a court is "not an error by that court." *Kougasian*, 359 F.3d at 1140–41 (citation omitted). Rather, because extrinsic fraud is "a wrongful act committed by the party or parties who engaged in the fraud," *Rooker-Feldman* "does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* at 1141.

Plaintiff's reliance on *Kougasian v. TMSL, Inc.* is misplaced, as he can only avoid *Rooker-Feldman* if Defendants' alleged ex parte communications with the Hawaiʻi Supreme Court prevented him "'from presenting his claim in court.'" *Reusser*, 525 F.3d at 859 (citation omitted). Even when misconduct rises to the level of extrinsic fraud, district courts lack jurisdiction to review a claim of

8

extrinsic fraud if it was separately litigated in state court.  *See id.* at 860 (citing

*Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533–34 (7th Cir. 2004)).

Plaintiff *already unsuccessfully* litigated this issue before the Hawaiʻi

Supreme Court in his disciplinary proceedings.[4]  *See, e.g.*, *id.* at 859–60 ("The

hitch in both contentions [regarding extrinsic fraud], however, is that they *already*

have been litigated in Oregon state court. . . .  The state court denied the Reussers'

motion and therefore left the default judgment intact.").  Plaintiff sought dismissal

of the Disbarment Order, or alternatively, to grant permission to conduct discovery

and stay the effective date of his disbarment beyond November 9, 2020.  Civil No.

20-00419 JAO-KJM, ECF Nos. 64-1 to 64-8, 64-11, 64-13.  Plaintiff argued that

the Disbarment Order was the result of unconstitutional ex parte disclosures

between ODC/Disciplinary Board and the Hawaiʻi Supreme Court.  *Id.*, ECF No.

64-11.  The Hawaiʻi Supreme Court held:

> Finally, we find and conclude that this court's September 9, 2020 order of disbarment *was based solely and exclusively upon the disciplinary petitions and resulting record* arising from the four ODC cases listed in the caption of the September 9, 2020 order, that were heard by the Hearing Officer, considered by the Disciplinary Board, and reviewed *de novo*, exhaustively and carefully, by this court, which, after full consideration of Respondent Dubin's numerous due process arguments, concluded the record fully warranted disbarment.

---

[4]  This argument was also rejected when Plaintiff advanced it in his reciprocal discipline case.  *In re Dubin*, 2021 WL 4496948, at *14–15.

*Id.*, ECF No. 64-21 at 2 (emphasis added).  It consequently denied Plaintiff's

requests for relief.  *Id.*, ECF No. 64-21 at 3.  Plaintiff then sought reconsideration,

insisting that the Disbarment Order issued as a result of ex parte communications

and "secret" information, in violation of his due process rights.  *Id.*, ECF Nos. 64-

25, 64-27.  The Hawaiʻi Supreme Court denied this motion as well, *see id.*, ECF

No. 64-37 at 3, and explained:

> Upon consideration of the November 6, 2020 motion for reconsideration filed by Respondent Gary Dubin and the exhibits and declaration accompanying it, alleging this court has improperly relied upon an *ex parte* record to impose disbarment upon him and seeking an order dismissing these disciplinary proceedings, and the November 8, 2020 appearance and motion for an extension of Respondent Dubin's November 9, 2020 effective disbarment date filed by attorney Keith M. Kiuchi, *we reiterate that the disposition of this matter was based solely and exclusively upon the record* of the four cases from the Office of Disciplinary Counsel listed in the caption of the disbarment order, a record which provided ample evidence supporting Respondent Dubin's disbarment, *and expressly state that no* ex parte *communications or exchanges of any variety occurred in the disposition of this matter*.

*Id.*, ECF No. 64-37 at 1–2 (emphases added).  Therefore, not only has Plaintiff

presented the claim that is the subject of this action to the Hawaiʻi Supreme Court,

but that court also unequivocally disclaimed the existence of ex parte

communications or an ex parte record.  In disbarring Plaintiff, it only considered

the ODC cases that Plaintiff had an opportunity to challenge; to wit, there was no

extrinsic fraud.  Accordingly, even drawing all inferences in Plaintiff's favor,

*Rooker-Feldman* bars Plaintiff's claims and this case is DISMISSED for lack of subject matter jurisdiction.  *See Qin Zhang v. Google, Inc.*, 609 F. App'x 459, 460 (9th Cir. 2015) (affirming dismissal of federal claims sua sponte for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine).

## CONCLUSION

For the reasons stated herein, the Court DISMISSES this action without prejudice.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, October 13, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00392 JAO-KJM, *Dubin v. Office of Disciplinary Counsel of the Hawaii Supreme Court, et al.*; ORDER DISMISSING ACTION

11